(101 So. 90)

SMITH v. STATE. (7 Div. 972.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

Intoxicating liquors ⬚236(19), 238(2)—Evidence held sufficient to warrant denial of affirmative charge and to support conviction for violation of prohibition law.

Evidence that officers found a still and barrels of liquor in isolated spot, that defendant and another came there and dipped out liquor and ran on seeing officers, held sufficient to warrant denial of affirmative charge and to support conviction for violation of the prohibition law.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ernest Smith was convicted of violating the prohibition law, and appeals. Affirmed.

J. V. Curtis, of Fort Payne, for appellant.

The evidence was insufficient to support a conviction. Moon v. State, 19 Ala. App. 176, 95 South. 830; Guin v. State, 19 Ala. App. 67, 94 South. 788; Farmer v. State, 19 Ala. App. 560, 99 South. 59; Lee v. State, 18 Ala. App. 566, 93 South. 59.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. Out on Sand Mountain, in an isolated place, was found a distilling outfit, not set up, and nine barrels of beer. The defendant and another were seen to come to the still, dip down into the barrels of beer with two fruit jars, and when defendant saw the sheriff he ran and was not captured for some months afterwards. The sole question presented is as to whether the defendant was entitled to the general charge. The description of the still, still place, beer, and general surroundings evidenced a preparation to distill the beer into whisky. The acts of defendant in dipping into the barrels of beer were evidence tending to show ownership. The beer was only fit and could be used only to make whisky and therefore was evidence from which the jury was authorized to infer that the owner had the still to be used for the distillation of the beer. The fact that the still had previously been so used was evidenced by its condition. The unexplained flight of defendant at the mere sight of the

sheriff was evidence of guilt. Taking the whole facts, we are of the opinion that there is sufficient evidence to support the verdict.

There is no error in the record, and the judgment is affirmed.

Affirmed.